UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

                -against-

OBINNA OBIOHA

                      Defendant.

DNYN 1:17CR00084-001

**SENTENCING MEMORANDUM**

---

HONORABLE DAVID N. HURD:

I have had an opportunity to review the PSR and personally shared it with my client.

We don't have specific objections to the factual contents of the report, but continue to believe and profess that the conduct alleged and certainly the money amounts proposed by the government are vastly exaggerated.

Our position is Mr. Obioha was directly involved in the two (2) incidents for which he pled; involving victims, Moduri and Artelye Marble.

Mr. Obioha had knowledge and participated in other such events but in a less limited roll.

Most importantly when the Court determines the exact amount ( or as close as possible) of the actual loss of monies, we believe the Court will concur with our position.

This position is supported by the fact that in each of the two (2) incidents for which defendant pled, neither victim actually loss any money. Money was deposited in accounts controlled by the FBI and was returned to the appropriate party.

In speaking with my client, he also believes that to be the case in the July 5th and 6th transactions listed at the bottom of page 10 of the PSR.

Although discovery was provided I can't determine positively how many other transactions actually resulted in a loss to a victim. As indicated in paragraph 41 of the PSR "no victim impact statements have been received", although fifteen (15) victims are listed and were contacted.

Defense counsel is also concerned that the government has shown no proof as to what level (money wise) my client actually benefitted. Since it has been an ordeal to secure reasonable

retainer fees in this case from Obioha family members, it's unlikely that he has millions or even hundreds of thousands of dollars in illegal profits.

I'm sure the FBI has scoured his financial records, but I have seen nothing regarding seizing or forfeiture.

Defendant's position is: the lose should be §2B1.1 (b)(1)(g) at more than $250,000 but less than $550,000.

In a letter dated August 1, 2017, it appears that AUSA Myer's, objects to the probation department's finding of no enhancement under USSG § 3C1.4, we obviously share probation's opinion.

It should be noted and we humbly ask the Court to consider that, the defendant is a college graduate, with no prior criminal history whatsoever and was gainfully employed at the time of his arrest.

Lastly, and significantly, we ask the Court to consider the factors outlined in paragraph 93. We are not proposing that this defendant should avoid incarceration, in fact, he has been incarcerated since October of 2016. What we do ask for consideration is: Mr. Obioha will be immediately deported back to Nigeria as soon as he finishes whatever sentence the Court deems appropriate and Imposes. With that being the case, why should tax payers fund Mr. Obioha's extended incarceration when he will return voluntarily or compelled to return as soon as possible.

Thank you for your time and any considerations.

DATED: August 1, 2017

Respectfully Yours,

By: *Joseph McCoy*
JOSEPH M. McCOY
Attorney for Defendant
220 Columbia Turnpike
Rensselaer, New York 12144
(518) 477-4575